UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,    Case No. 6:08-bk-04327-KSJ
                             Chapter 11
_____Debtor._____/

MIRABILIS VENTURES, INC.,

    Plaintiff,

v.                           Adversary No. 6:09-ap-00814-KSJ

O2HR, LLC,

_____Defendant._____/

**O2HR, LLC'S
ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

O2HR, LLC ("**O2HR**") files its answer and affirmative defenses to the adversary proceeding filed by Mirabilis Ventures, Inc. ("**Mirabilis**") and states as follows:

*1.    Mirabilis is a Nevada corporation with its principal place of business located in Orange County, Florida.*

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 1 of the Complaint and therefore denies them.**

*2.    National Med-Staff, Inc., a Georgia corporation ("National Med-Staff"), is a wholly-owned subsidiary of Mirabilis.*

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 2 of the complaint and therefore denies them.**

3.     O2HR is an Illinois limited liability company with its principal place of business located in Hillsborough County, Florida.

**Answer:  O2HR admits the allegations in paragraph 3 of the Complaint.**

4.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(4) and Mirabilis consents to entry of final orders or judgment by the bankruptcy judge.

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 4 of the Complaint and therefore denies them.**

5.     Pursuant to 28 U.S.C. § 1391, venue is proper as O2HR resides in this judicial district and a substantial part of the events or omissions giving rise to the claims contained herein occurred in this judicial district.

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 5 of the Complaint and therefore denies them.**

6.     On or about May 1, 2007, O2HR and National Med-Staff entered into an Asset Purchase Agreement (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit #1** and incorporated herein by this reference.

**Answer:  O2HR admits the allegations in paragraph 6 of the Complaint..**

7.     On or about May 1, 2007, O2HR and National Med-Staff also entered into an Assumption and Assignment Agreement (the "Assignment"). A true and correct copy of

*the Purchase Agreement is attached hereto as **Exhibit #2** and incorporated herein by this reference.*

**Answer:  O2HR admits the allegations in paragraph 7 of the Complaint.**

*8.   On or about June 1, 2007, O2HR executed and delivered a Promissory Note to National Med-Staff in the amount of $188,300.00 (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit #3** and incorporated herein by this reference.*

**Answer: O2HR admits the allegations in paragraph 8 of the Complaint.**

*9.   Mirabilis owns the Note and is entitled to enforce the Note under Florida law.*

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 9 of the Complaint and therefore denies them.**

*10.   O2HR failed to pay the installment payment due on the Note on June 1, 2007 and Mirabilis has elected to accelerate payment of the balance due on the Note, pursuant to its terms.*

**Answer:  O2HR denies the allegations in paragraph 10 of the Complaint.**

*11.   The principal amount of the indebtedness is $188,300.00. As of the date of the filing of this Complaint, O2HR owes Mirabilis $258,502.37, representing principal and interested accrued from default.*

**Answer:  O2HR denies the allegations in paragraph 11 of the Complaint.**

*12.   Mirabilis has retained undersigned counsel to represent it in this lawsuit and such counsel is entitled to a reasonable fee for their services.*

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 12 of the Complaint and therefore denies them.**

*13.    All conditions precedent to the institution of this lawsuit have been performed satisfied, excused, or waived.*

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 13 of the Complaint and therefore denies them.**

### Demand For Jury Trial

Defendant demands a trial by jury of all issues so triable.

                                                ADDISON & HOWARD, P. A.
Post Office Box 172535
Tampa, Florida  33672-0535
Tel:  (813) 223-2000
Fax:  (813) 228-6000
Attorneys for O2HR, LLC

/s/Michael C. Addison
Michael C. Addison
Florida Bar No. 145579
m@mcalaw.net
Laura H. Howard
Florida Bar No. 975397
howard@mcalaw.net

5

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 19,  2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the person listed below.

                                            /s/Michael C. Addison
                                            Michael C. Addison

Damien H. Prosser, Esq.
Shutts & Bowen, LLP
100 S. Ashley Dr., Suite 15100
Tampa, FL  33602
(813) 229-8900    FAX (813) 229-8901
Attorneys for Mirabilis Ventures, Inc.

s:\clients open\o2hr.mirabilis adv 814\pld\answer 42642.doc