UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MIRABILIS VENTURES, INC.,                    Case No. 6:08-bk-04327-KSJ
                                             Chapter 11
     Debtor.                              /

MIRABILIS VENTURES, INC.,

     Plaintiff,

v.                                           Adversary No. 6:09-ap-00814-KSJ

O2HR, LLC,

     Defendant.                           /

## O2HR, LLC'S, AMENDED ANSWER AND AFFIRMATIVE DEFENSES

O2HR, LLC ("**O2HR**"), files its answer and affirmative defenses to the adversary proceeding filed by Mirabilis Ventures, Inc. ("**Mirabilis**"), and states as follows:

1. *Mirabilis is a Nevada corporation with its principal place of business located in Orange County, Florida.*

**Answer: O2HR is without knowledge regarding the allegations in paragraph 1 of the Complaint and therefore denies them.**

2. *National Med-Staff, Inc., a Georgia corporation ("National Med-Staff"), is a wholly-owned subsidiary of Mirabilis.*

**Answer: O2HR is without knowledge regarding the allegations in paragraph 2 of the complaint and therefore denies them.**

3.      O2HR is an Illinois limited liability company with its principal place of business located in Hillsborough County, Florida.

**Answer:  O2HR admits the allegations in paragraph 3 of the Complaint.**

4.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This proceeding is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(4) and Mirabilis consents to entry of final orders or judgment by the bankruptcy judge.

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 4 of the Complaint and therefore denies them.**

5.      Pursuant to 28 U.S.C. § 1391, venue is proper as O2HR resides in this judicial district and a substantial part of the events or omissions giving rise to the claims contained herein occurred in this judicial district.

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 5 of the Complaint and therefore denies them.**

6.      On or about May 1, 2007, O2HR and National Med-Staff entered into an Asset Purchase Agreement (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit #1** and incorporated herein by this reference.

**Answer:  O2HR admits the allegations in paragraph 6 of the Complaint..**

7.      On or about May 1, 2007, O2HR and National Med-Staff also entered into an Assumption and Assignment Agreement (the "Assignment"). A true and correct copy of

the Purchase Agreement is attached hereto as **Exhibit #2** and incorporated herein by this reference.

**Answer:  O2HR admits the allegations in paragraph 7 of the Complaint.**

8.    On or about June 1, 2007, O2HR executed and delivered a Promissory Note to National Med-Staff in the amount of $188,300.00 (the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit #3** and incorporated herein by this reference.

**Answer: O2HR admits the allegations in paragraph 8 of the Complaint.**

9.    Mirabilis owns the Note and is entitled to enforce the Note under Florida law.

**Answer:  O2HR is without knowledge regarding the allegations in paragraph 9 of the Complaint and therefore denies them.**

10.    O2HR failed to pay the installment payment due on the Note on June 1, 2007 and Mirabilis has elected to accelerate payment of the balance due on the Note, pursuant to its terms.

**Answer:  O2HR denies the allegations in paragraph 10 of the Complaint.**

11.    The principal amount of the indebtedness is $188,300.00. As of the date of the filing of this Complaint, O2HR owes Mirabilis $258,502.37, representing principal and interested accrued from default.

**Answer:  O2HR denies the allegations in paragraph 11 of the Complaint.**

12.    Mirabilis has retained undersigned counsel to represent it in this lawsuit and such counsel is entitled to a reasonable fee for their services.

**Answer: O2HR is without knowledge regarding the allegations in paragraph 12 of the Complaint and therefore denies them.**

*13.    All conditions precedent to the institution of this lawsuit have been performed satisfied, excused, or waived.*

**Answer: O2HR is without knowledge regarding the allegations in paragraph 13 of the Complaint and therefore denies them.**

**First Affirmative Defense**
*Fraudulent Misrepresentation*

The Promissory Note giving rise to Mirabilis's claim is unenforceable because National Med-Staff, Inc.("**National**"), fraudulently induced O2HR into executing the Promissory Note. O2HR executed the Promissory Note in connection with O2HR's execution of the Asset Purchase Agreement attached as Exhibit 1 to the Complaint (the "**National Agreement**"). The amount of the Promissory Note was based on the assets O2HR purchased from National pursuant to the National Agreement. Section 1 of the Promissory Note states that the note "is made and entered into in connection with" the National Agreement.

During the negotiations of the National Agreement, National represented to O2HR that National would transfer Client Service Agreements for 269 employees and that the vast majority of those employees were full time employees. Exhibit 2.1 of the National Agreement, which states the assets being purchased pursuant to the National Agreement, represents that National had Client Service Agreements for 269 employees. O2HR executed the National Agreement and the Promissory Note based on such representations.

4

The amount of the Promissory Note is $188,300, which is simply $700 (the amount to be paid per full time employee) multiplied by 269 (the number of employees to be transferred). In July 2007, two months after O2HR took control of the AEM accounts, O2HR processed Client Service Agreements for 72 full time employees. In July 2007, National also had 71 part time employees. Had National accurately represented to O2HR the number of full time and part time employees subject to the Client Service Agreements, O2HR would not have executed the Promissory Note or the National Agreement.

National's misrepresentation of the number of employees serviced pursuant to the Client Service Agreements and National's misrepresentation that the vast majority of those employees were full time employees constitutes a misrepresentation of material fact. National made the representation with the intent to have O2HR rely on it. O2HR reasonably relied on National's representation regarding the number and nature of the employees subject to the Client Services Agreements to its detriment by executing the Promissory Note. Had O2HR known the real number of employees subject to the Client Service Agreements, O2HR would not have executed the Promissory Note. Accordingly, the Promissory Note is null and void.

## Second Affirmative Defense
*Breach of Contract*

National breached the terms of the National Agreement by failing to transfer all of the assets listed in Exhibit 2.1 of the National Agreement to O2HR. Because the Promissory Note giving rise to National's claim is subject to the terms of the National

Agreement, National's breach of the National Agreement before the first payment under the Promissory Note was due precludes Mirabilis, National's successor in interest, from enforcing the Promissory Note.

### Third Affirmative Defense
*Set off*

National breached the terms of the National Agreement by failing to transfer all of the assets listed in Exhibit 2.1 of the National Agreement to O2HR.  O2HR has suffered damages as a result of National's breach of the AEM Agreement.  Accordingly, O2HR is entitled to a set off any amount due under the Promissory Note against the damages caused by National to O2HR when it breached the AEM Agreement because Mirabilis has not alleged that it is a holder in due course of the Promissory Note.

          **ADDISON & HOWARD, P. A.**
          Post Office Box 172535
          Tampa, Florida  33672-0535
          Tel:  (813) 223-2000
          Fax:  (813) 228-6000
          Attorneys for O2HR, LLC

          /s/Michael C. Addison
          Michael C. Addison
          Florida Bar No. 145579
          m@mcalaw.net

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 27, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the person listed below.

                                                      /s/Michael C. Addison
                                                      Michael C. Addison

Damien H. Prosser, Esq.
Eric S. Adams, Esq.
Shutts & Bowen, LLP
100 S. Ashley Dr., Suite 15100
Tampa, FL  33602
(813) 229-8900   FAX (813) 229-8901
Attorneys for Mirabilis Ventures, Inc.

s:\clients open\o2hr.mirabilis adv 814 med\pld\amended answer and defs 50624.doc